UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ISRAEL SHLOMY and CLAIRA REALTY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br><br>GLOBAL REAL ESTATE SOLUTIONS, Inc.,<br><br>Defendant. | Case No.<br><br><br><br>**COMPLAINT** |

COMES NOW THE PLAINTIFFS, Israel Shlomy and Claira Realty, LLC, by their attorneys, Harmra Law Group, PC, for their Complaint against the Defendant, Global Real Estate Solutions, Inc., and alleging as follows:

## NATURE OF THE CASE

1. This is an action for injunctive relief and declaratory judgment concerning an arbitration proceeding which was fraudulently commenced by Defendant. Defendant forged Plaintiffs' signature on a document containing an arbitration clause and has subsequently attempted to use the forgery as the basis for bringing claims against Plaintiffs in arbitration. Plaintiffs seek judicial intervention enjoining Defendants from proceeding against Plaintiffs in arbitration, and declaratory judgment that the document is a forgery from which no legal rights or obligations can flow.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 29 U.S.C. § 1332, as there is complete diversity between the parties and the amount in controversy is greater than $75,000.

3. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial portion of the events and omissions giving rise to this litigation occurred in this district, and Defendant resides in this judicial district.

## PARTIES

4. Plaintiff Israel Shlomy is an individual who is a citizen and resident of the State of New Jersey.

5. Plaintiff Claira Realty, LLC is a Limited Liability Company, with Israel Shlomy as its sole member.

6. Defendant Global Real Estate Solutions, Inc. ("GRES" or "Defendant") is a New York corporation with its principal place of business located at 2203 Avenue X, Brooklyn, New York, 11235. GRES's listed address for Department of State service of process is 330 Neptune Avenue, Brooklyn, New York, 11235.

## MATERIAL FACTS

7. Defendant GRES commenced an arbitration proceeding against the Plaintiffs by filing a Demand for Arbitration with the American Arbitration Association ("AAA"). A copy of Defendant's Demand for Arbitration is attached hereto as Exhibit "A".

8. Defendant attached to their Demand for Arbitration a "Listing Agreement" containing an arbitration clause purporting to contain the signature Plaintiff Shlomy. The property identified in the Listing Agreement is 5904 Foster Avenue, Brooklyn, New York (the "Subject Property").

9. The signature on this agreement is not Plaintiff's signature, but rather is a forgery of Plaintiff's signature. Plaintiff never signed this Listing Agreement.

10. In what has become a pattern of unscrupulous conduct, Defendant also previously filed "Fixture Filing" liens against the Subject Property, as well as against Plaintiff Shlomy's personal residence, on September 29, 2016, with such liens listing a "Document Date" of June 25, 2013.

11. The date that appears under the forged signature on the Listing Agreement is 6/25/2012. The Listing Agreement also states that it is meant to expire on 6/25/2013, exactly one year to the day after the agreement was purportedly signed, and the same "Document Date" listed on the liens filed by Defendant.

12. Plaintiff Shlomy thereafter commenced an action in New York Supreme Court, Kings County on February 9, 2018, to vacate the lien on his personal residence.[1] During the course of that litigation - which is still ongoing as of the date of this Complaint - Shlomy and GRES entered into an agreement wherein GRES alleged that they were owed $39,000 for unpaid commissions in connection with the sale of the Subject Property, and calling for $40,000 to be put in escrow. A copy of this agreement is attached hereto as Exhibit "B".

13. Defendant's Demand for Arbitration, however, claims damages of $132,000.

14. Attached hereto as Exhibit "C" is a picture of the actual Listing Agreement which was sent to Plaintiffs. The actual agreement is substantially similar to the fraudulent one Defendant attached to its Demand for Arbitration, with the notable differences that the legitimate agreement (i) is not signed by either party; (ii) lists a date under the signature line of 6/25/2013 as opposed to 6/25/2012; (iii) states as its terms a sale price of $1.3 million and a commission of 3%, as opposed to $1.5 million and 6% respectively in the forged agreement; and (iv) contains fax confirmation information on the heading showing a date of April 23, 2013.

---

[1] See *Shlomy, et al. v. Global Real Estate Solutions, Inc.,* Index No. 502789/2018.

15. 3% of $1.3 million is $39,000, which is the exact amount Defendant claimed it is owed in the escrow agreement they filed in state court. 3% and $1.3 million both appear in the actual, non-forged, Listing Agreement.

16. Upon information and belief, Defendant knew the signature on the Listing Agreement it attached to its Demand for Arbitration was a forgery when it filed said Demand.

17. Upon information and belief, Defendant forged Plaintiff Shlomy's signature on the Listing Agreement in an attempt to force Plaintiffs to litigate in arbitration.

### FIRST CAUSE OF ACTION
#### For Injunctive Relief

18. Plaintiffs repeat and reallege each paragraph above.

19. Defendant's actions have caused irreparable harm to Plaintiffs by forcing Plaintiffs to submit to the jurisdiction of an arbitrator when Plaintiffs have given neither assent to be bound to arbitration nor their consent to such proceedings.

20. The requested equitable relief is necessary because there are no remedies available at law which would adequately compensate Plaintiffs for the harm suffered due to Defendant's conduct.

21. The balance of hardships warrants granting equitable relief in this case. There is no hardship to Defendant as Defendant has no entitlement to arbitration in the first place, whereas the hardship to Plaintiffs of being forced to submit to arbitration absent any agreement to be so bound is severe.

22. Providing Plaintiffs with equitable relief would not hurt the public interest.

### SECOND CAUSE OF ACTION
#### For Declaratory Judgment Pursuant to 28 U.S.C. § 2201 *et seq.*

23. Plaintiffs repeat and reallege each paragraph above.

24.     As alleged herein, there exists no legal relationship between the parties which would obligate any party to submit to the jurisdiction of an arbitrator.

25.     There exists an actual controversy warranting a Declaration by the Court, as Defendant has already proceeded with filing a Demand for Arbitration using the forged agreement.

## **PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs respectfully requests Judgment be entered by this Court against Defendant as follows:

a. Ordering equitable relief to the Plaintiffs in the form of an injunction compelling Defendant to withdraw its arbitration matter against Plaintiffs from AAA, and enjoining Defendant from maintaining claims against Plaintiffs in arbitration;

b. Declaring that the executed arbitration clause Defendant submitted to AAA void, and Declaring that the forged instrument therefore contains no legal obligations with respect to the Plaintiffs;

c. Ordering Defendant to pay Plaintiffs reasonable attorneys fees and costs; and

d. Ordering such further relief as the Court may deem just and proper.

Dated:  New York, New York
        September 4, 2019 2019

                                      ____/s/DSS_____
                                      David S. Schwartz, Esq. (DS5982)
                                      Hamra Law Group, PC
                                      *Attorneys for Plaintiffs*
                                      32 Broadway, Suite 1818
                                      New York, NNY 10004

>T: (646) 590-0571
>F: (646) 619-4012
>Dschwartz@hamralawgroup.com

## VERIFICATION

I, Israel Shlomy, hereby verify, under penalty of perjury, that I have reviewed the Complaint in this action, which is to be filed in Federal Court in the Eastern District of New York, and that the factual statements contained therein are all true and correct, and as to those statements which are made upon information and belief, that such statements are true and correct to the best of my knowledge and belief.

_____
Israel Shlomy

Date: SEPT 0 Y. 2019

State of __New Jersey__ )
                            )ss.:
County of __Monmouth__ )

On the __4__ day of __September__ in the year __2019__, before me, the undersigned notary public, personally appeared ___Israel Shlomy___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_____
Notary Public

ANA BARRIOS
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires March 11, 2021

Scanned with CamScanner